**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STACY WEATHERS, individually and on behalf of a class of similarly situated persons,<br><br>        Plaintiff,<br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendant. | Case No. 1:20-cv-04478<br><br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

Plaintiff STACY WEATHERS, by and through here counsel, James C. Vlahakis, and asserts a putative class action against Defendant MIDLAND CREDIT MANAGEMENT, INC. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*:

**I.  Parties, Jurisdiction and Venue**

1.    Plaintiff is a citizen of the State of Illinois and resides in this judicial District.

2.    Plaintiff has filed this civil action pursuant to 15 U.S.C. § 1692k(d).

3.    Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

4.    Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business San Diego, California 92108.

5.    MCM is a debt collector as defined by § 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and its principal purpose is the purchase of and collection of consumer debts.

1

6.     MCM routinely collects defaulted consumer debts purportedly owned by Midland Funding, LLC.

7.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this District and MCM routinely mails collection letters and envelopes to addresses within this District for the purpose of collecting consumer debts.

8.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

## II.     Summary of the Purpose of the FDCPA

10.     The introduction section of the FDCPA contains "Congressional findings" and a "declaration of purpose". 15 U.S.C. § 1692. In particular, § 1692 states as follows:

**(a) Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

11.     One purpose of the FDCPA was to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

12.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

13.     Congress determined that "[e]xisting laws … are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

14.     Accordingly, the FDCPA generally focuses on a debt collector's conduct without regard for the validity of the alleged debt because "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

15.     The FDCPA protects ethical collectors from being competitively disadvantaged. 15 U.S.C. § 1692(e).

### III.    Background Regarding MCM's Prior Violations of FDCPA

16.    The case of *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), the Seventh Circuit held that MCM violated the clear language of §1692f(8) when it sent a collection letter to an Illinois consumer inside of an enveloped that was marked with the words "**TIME SENSITIVE DOCUMENT**".

17.    In reversing the district court's order granting MCM 12(b)(6) motion, the Seventh Circuit held as follows:

> We conclude that the language of § 1692f(8) is clear, and its application does not lead to absurd results. To the contrary, the prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8).
>
> * * *
>
> On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).
>
> * * *
>
> The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language.
>
> * * *
>
> Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Preston*, 948 F.3d 776-77, 781, 783-84 (emphasis in original).

18.    The *Preston* decision was issued on January 21, 2020.

19.    Following the *Preston* decision, MCM did not stop mailing collection letters to residents of this Judicial District.

4

**IV.      The Subject Debts**

20.      Plaintiff obtained credit from Credit One Bank, N.A. (hereafter the "Credit One Bank Card").

21.      Plaintiff incurred the Credit One Bank Card for personal and household expenses.

22.      Plaintiff obtained credit from Synchrony Bank in the form of two credit cards where Synchrony Bank's provision of credit lead to the issuance of an Amazon branded credit card and a Mattress Firm branded credit card (hereafter the "Synchrony Bank Cards").

23.      Plaintiff used the Synchrony Bank Cards for personal and household expenses.

24.      As a result of immense financial hardship, Plaintiff was unable to pay off the purchases that she made with her Credit One Bank Card and Synchrony Bank Cards (at times the "Subject Debts").

25.      MCM has attempted to collect the Subject Debts from Plaintiff.

26.      MCM's collection letters related the Subject Debts suggest that Midland Funding, LLC ("Midland Funding") purchased the Subject Debts from Credit One Bank and Synchrony Bank.

27.      As of the filing of this lawsuit, Plaintiff's Synchrony Bank Debts are owned by Midland Funding.

28.      In attempting to collect the Subject Debts from Plaintiff, MCM has acted as a debt collector and servicer of Midland Funding.

29.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debts.

**V.      MCM's Collection Efforts Relative to the Subject Debt**

30.      In an attempt to collect the Subject Debts, MCM mailed three letters to Plaintiff in June of 2020.

31.      In violation of Section1692f(8) of the FDCPA, all three of MCM's June 2020 letters were mailed to Plaintiff inside of envelopes that were marked with the words "***Time Sensitive Documents***".

32.      There was nothing "time sensitive" about the document that was enclosed within the envelopes despite MCM marking the   envelopes with the words "***Time Sensitive Documents***"

33.      MCM refers to the envelope in question by the name OE1-2.

34.      MCM's template for the subject OE1-2 is depicted below;



35.      MCM has issued Rule 26(a)(1) disclosures in the case of *Preston v. Midland Credit Mgmt.*, 18-cv-2017, where MCM has stated that MCM maintins "policies and

procedures regarding the envelope at issue" where the "at issue" envelope contained the words TIME SENSITIVE DOCUMENT".

36.    MCM has policies which relate to its use of envelopes marked with the words "***Time Sensitive Documents***".

37.    On information and belief, MCM has conducted research that demonstrates that unsophisticated and least sophisticated consumers are more likely to open collection letters sent in Envelopes marked with the words "***Time Sensitive Documents***" than plain envelopes that do not contain the quoted words.

38.    Reading the words "***Time Sensitive Documents***" caused Plaintiff to become anxious, stressed and worried about the contents of all three letters.

39.    As a result of MCM marking the three envelopes with the words "***Time Sensitive Documents***", Plaintiff immediately grew nervous anxious to learn the contents of the letter.

40.    Plaintiff's sense of stress, anxiety and worry intensified *after* she read the June 2020 letters because she could not understand why the letters were designated as "time sensitive".

41.    *Preston* held that MCM's use of the Envelope is *precisely the type of conduct that Section 1692f(8) the FDCPA was enacted to prohibit*:

> In providing certainty, this provision furthers the FDCPA's overall purpose of "eliminat[ing] abusive debt collection practices by debt collectors" and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."

*Preston*, 948 F.3d at 784.

42.    Plaintiff contacted the undersigned's law firm to understand why MCM used the words "***Time Sensitive Documents***" on the envelopes in question.

43.    Plaintiff suffered real and concrete harm because MCM communicated with her no less than three times in a manner prohibited by the FDCPA.

44.     Each of the June 2020 letters contained the phrase "Due to the age of this debt, we will not report payment or non payment to a credit bureau."

45.     Based upon MCM's use of the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau", MCM represented that the Subject Debts are outside the applicable statutes of limitation.

46.     MCM's June 2020 letters failed to include any language discussing whether MCM would not sue Plaintiff in relation to any of the Subject Debts due to the age of the Subject Debts.

47.     In an effort to learn whether MCM's representation was accurate, Plaintiff purchased a subscription to a 3-Bureau Credit Report, incurring out of pocket cost.

48.     Additionally, Plaintiff contacted the undersigned's law firm to understand what MCM meant through its use of the words "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" where the June 2020 letters did not contain any other language referencing the applicable statute of limitations.

49.     In attempting to collect the Subject Debts for the benefit of Midland Funding, MCM has acted as a debt collector and servicer of Midland Funding.

50.      As debt collector and servicer of Midland Funding, MCM is not allowed to enforce any arbitration clause that may otherwise apply to the Synchrony Bank Debts. See *Ramirez v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 104038 (N.D. Ill. June 21, 2019).

51.     In *Ramirez*, Judge Jorge Alonso denied MCM's motion to compel arbitration where the Synchrony Bank was the original creditor and Synchrony Bank's cardholder agreement contained a Utah choice of law provision. *Id.* 3-*6, *13-*15. Judge Alonso held that Utah law did not allow MCM to invoke arbitration as the debt collector/servicers of  a debt owned by Midland Funding. *Id.* at *13-*15.

8

## VI.    Causes of Action

### Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA

52.    Plaintiff STACY WEATHERS realleges the above paragraphs as though fully set forth herein.

53.    Section 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

54.    Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

55.    The use of the phrase *Time Sensitive Documents* on the envelope sent to Plaintiff in relation to her Credit One Bank Debt violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

56.    MCM's use of the words *Time Sensitive Documents* in relation to Plaintiff's Credit One Bank Debt violated Section 1692f(8) of the FDCPA because these words  intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

57.    MCM's use of the words *Time Sensitive Documents* in relation to Plaintiff's Credit One Bank Debt violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

58.    MCM's use of the words *Time Sensitive Documents* in relation to Plaintiff's Credit One Bank Debt violated Section 1692f(8) of the FDCPA because these words  intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

WHEREFORE, Plaintiff STACY WEATHERS respectfully requests that this Honorable Court:

      a.  declare that the MCM's use of the words *Time Sensitive Documents* in relation to Plaintiff's Credit One Bank debt violated Section 1692f(8) of the FDCPA;

      b.  enjoin Defendant MCM from using the *Time Sensitive Documents* envelope in conjunction with any future collection letters;

      c.  award Plaintiff statutory damages of up to $1,000; and

      d.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Claim for Violations of Section 1692f(8) of the FDCPA**

59.    Plaintiff STACY WEATHERS realleges the above paragraphs as though fully set forth herein.

60.    The use of the phrase *Time Sensitive Documents* on the envelope sent to Plaintiff in relation to her Synchrony Bank Debts violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

61.    MCM's use of the words *Time Sensitive Documents* in relation to Plaintiff's Synchrony Bank Debts violated Section 1692f(8) of the FDCPA because these words  intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

10

62.    MCM's use of the words *Time Sensitive Documents* in relation to Plaintiff's Synchrony Bank Debts violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

63.    MCM's use of the words *Time Sensitive Documents* in relation to Plaintiff's Synchrony Bank Debts violated Section 1692f(8) of the FDCPA because these words  intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

64.    Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an envelope marked with the words *Time Sensitive Documents* where MCM was attempting to collect a debt originally owed to Synchrony Bank.

65.    MCM's use of the words *Time Sensitive Documents* on form collection envelopes that MCM used to send collection letter to consumers in this district satisfies the elements of typicality, commonality, predominance and superiority.

66.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

67.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

68.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form letter where the letters identified a debt related to a Synchrony Bank branded credit card account and the letters were

mailed inside of envelopes marked with the words "***Time Sensitive Documents***".

69.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

70.     The proposed class can be defined by MCM's records where MCM refers to the subject Envelope as OE1-2.

WHEREFORE, Plaintiff STACY WEATHERS respectfully requests that this Honorable Court:

   a. declare that the ***Time Sensitive Documents*** violates Section 1692f(8) of the FDCPA;

   b. enjoin Defendant MCM from using the ***Time Sensitive Documents*** in conjunction with any future collection letters;

   c. award class members maximum statutory damages;

   d. award class members actual damages if they paid their subject debts after receiving a collection letter in a ***Time Sensitive Documents***; and

   e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – Individual Claim Violations of §§ 1692e and 1692f of the FDCPA**

71.     Plaintiff STACY WEATHERS realleges the above paragraphs as though fully set forth herein.

72.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

73.     It is a violation of Section 1692e(2)(A) of the FDCPA for a debt collector to make a "false representation of – (A) the character, amount of legal status of any debt".

74.    It is a violation of Section 1692e(10)) of the FDCPA for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

75.    Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

76.    MCM's transmission of envelopes marked with the words ***Time Sensitive Documents*** where the enclosed letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" created a false, misleading, confusing and unfair sense of urgency to Plaintiff in violation of Sections 1692e, e(2)(A), e(10) where the MCM did not include language referring that it would not sue Plaintiff to collect the subject debts.

77.    MCM's transmission of envelopes marked with the words ***Time Sensitive Documents*** where the enclosed letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" created a false, misleading, confusing and unfair sense of urgency to Plaintiff in violation of Sections 1692e, e(2)(A), e(10) where the lawful credit reporting period had not yet expired.

78.    Plaintiff paid for a credit report to determine whether the lawful credit reporting period for the Synchrony Bank Debts had expired and whether the applicable statutes of limitations had expired.

79.    Plaintiff learned that the Synchrony Bank Debts where not so old as to preclude MCM from lawfully reporting the Synchrony Bank Debts.

80.    MCM's attempts to collect Plaintiff's Synchrony Bank Debts where the enclosed letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" and MCM's envelopes use of envelopes marked with the words ***Time Sensitive Documents*** constituted a false, misleading,

confusing and unfair statement Plaintiff in violation of Sections 1692e, e(2)(A), e(10) where MCM's letters implied that the Synchrony Bank Debts were time-barred when they were not.

81.     By mailing the envelopes marked with the words *Time Sensitive Documents* MCM created sense of urgency to Plaintiff in violation of Sections 1692e, e(2)(A), e(10) and f where the enclosed letters did not include any disclaimer language with regard to whether MCM intended to not sue Plaintiff in relation the Subject Debts.

WHEREFORE, Plaintiff STACY WEATHERS respectfully requests that this Honorable Court:

    a.  declare that the MCM violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA by mailing letters to Plaintiff inside of envelopes marked *Time Sensitive Documents* where the enclosed letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" (without including any disclaimer language with regard to whether MCM intended to not sue Plaintiff in relation the Subject Debts);

    b.  enjoin Defendant MCM from using the *Time Sensitive Documents* envelope in conjunction with any future collection letters;

    c.  award Plaintiff statutory damages of up to $1,000; and

    d.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Claims for Violations of §§ 1692e and 1692f of the FDCPA**

82.     Plaintiff STACY WEATHERS realleges the above paragraphs as though fully set forth herein.

83.     MCM's attempts to collect Plaintiff's Synchrony Bank Debts where the enclosed letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" and MCM's envelopes use of envelopes marked with the words *Time Sensitive Documents* constituted a false, misleading,

confusing and unfair statement Plaintiff in violation of Sections 1692e, e(2)(A), e(10) if the lawful credit reporting period for the Synchrony Bank Debts had yet to expire.

84.    MCM's attempts to collect Plaintiff's Synchrony Bank Debts where the enclosed letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" and MCM's envelopes use of envelopes marked with the words *Time Sensitive Documents* constituted a false, misleading, confusing and unfair statement Plaintiff in violation of Sections 1692e, e(2)(A), e(10) where MCM's letters implied that the Synchrony Bank Debts were time-barred when they were not.

85.    MCM's attempts to collect Plaintiff's Synchrony Bank Debts where the enclosed letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" and MCM's envelopes use of envelopes marked with the words *Time Sensitive Documents* constituted a false, misleading, confusing and unfair statement Plaintiff in violation of Sections 1692e, e(2)(A), e(10) where MCM's letters did not include any disclaimer language with regard to whether MCM intended to not sue Plaintiff in relation the Subject Debts.

86.    Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent collection letters to collect debts originally owed to Synchrony Bank where the letters were the letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" and MCM mailed the letters inside of envelopes marked with the words *Time Sensitive Documents*.

87.    MCM's use of the words *Time Sensitive Documents* on form collection envelopes served to frighten, stress out, mislead, confuse and unfairly treat Plaintiff and others like her.

88.     MCM's use of the words *Time Sensitive Documents* on form collection envelopes containing the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" where the lawful credit reporting period had not expired satisfies the elements of typicality, commonality, predominance and superiority.

89.     On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

90.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

91.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form letter where the letters identified a debt related to a Synchrony Bank branded credit card account where the letters contained the phrase "[d]ue to the age of this debt, we will not report payment or non payment to a credit bureau" (where the debts were not past the lawful credit reporting period and the letters were mailed inside of envelopes marked with the words "*Time Sensitive Documents*".

92.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

93.     The proposed class can be defined by MCM's records where MCM refers to the subject Envelope as OE1-2.

WHEREFORE, Plaintiff STACY WEATHERS respectfully requests that this Honorable Court:

> a.  declare that the *Time Sensitive Documents* violates Section 1692f(8) of the FDCPA;
>
> b.  enjoin Defendant MCM from using the *Time Sensitive Documents* in conjunction with any future collection letters;
>
> c.  award class members maximum statutory damages;

16

    d.   award class members actual damages if they paid their subject debts after receiving a collection letter in a ***Time Sensitive Documents***; and

    e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Plaintiff Demands a Jury Trial.**

Respectfully submitted, on behalf of
Plaintiff STACY WEATHERS,

Dated: 7/30/2020

*/s/James C. Vlahakis*

James Vlahakis
Marwan R. Daher
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 - 8181
jvlahakis@sulaimanlaw.com
mdaher@sulaimanlaw.com